UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIDEWATER INC. AND SUBSIDIARIES<br>Plaintiffs,<br><br>versus<br><br>UNITED STATES OF AMERICA<br>Defendant. | CIVIL ACTION NO. 2:12-cv-2930<br><br>JUDGE<br><br>MAGISTRATE |

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Tidewater Inc. and Subsidiaries ("Tidewater") and for their Complaint, allege and seek the following relief as follows:

**NATURE OF ACTION**

1.

This is an action arising under the internal revenue laws of the United States of America for the recovery of federal income tax ("Income Tax") erroneously and/or illegally assessed against and collected from Tidewater.

2.

The Internal Revenue Service erroneously and/or illegally determined that certain of Tidewater's vessel bareboat charter payments were not consistent with the arm's-length standard set forth in Section 482 of the Internal Revenue Code of 1986, 26 U.S.C. § 482, as amended ("Section 482") and the corresponding Treasury Regulations at 26 C.F.R. § 1.482-1, *et seq.* (the "Section 482 Regulations").

## PARTIES, JURISDICTION, AND VENUE

3.

Tidewater is a corporation organized under the laws of Delaware. At all relevant times Tidewater's principal place of business was located in New Orleans, Louisiana.

4.

Tidewater is the common parent of an affiliated group of corporations, which file consolidated U.S. Corporation Income Tax Returns on a fiscal year basis ending March 31. Tidewater's taxpayer identification number is 72-0487776. A list of the corporations which were members of the affiliated group during the years 2006 and 2007, the principal office of each, and the taxpayer identification number of each is attached hereto as Exhibit "A," and is made a part of this Complaint.

5.

The named defendant herein is the United States of America.

6.

Jurisdiction is conferred on this Court by 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

7.

Venue is proper under 28 U.S.C. § 1402(a)(2) because Tidewater's principal place of business is located in this judicial district.

## STATEMENT OF THE CASE

8.

Tidewater provides offshore supply vessels and marine support services to the offshore energy industry through the operation of a fleet of vessels.

9.

Tidewater's business operations include certain intercompany transactions between

Tidewater subsidiaries, whereby certain Tidewater subsidiaries (the "Vessel Owners") own and bareboat charter offshore vessels to related affiliates (the "Vessel Operators"), which then crew and operate the vessels as requested by third party customers.

## COUNT I

10.

Tidewater adopts and incorporates paragraphs 1 through 9 above as if set forth completely herein.

11.

On December 14, 2006, Tidewater timely filed a U.S. Corporation Income Tax Return (Form 1120) for the fiscal year ending March 31, 2006 (the "2006 Tax Year") with the Internal Revenue Service Center at Ogden, Utah (the "2006 Return"), which reflected no Income Tax due.

12.

On March 18, 2009, the Internal Revenue Service issued a letter (Letter 950(DO)) and examination report to Tidewater proposing to assess Income Tax deficiencies against Tidewater for the 2006 Tax Year.  A copy of the March 18, 2009 letter and examination report is attached hereto as Exhibit "B."

13.

In the examination report corresponding to the March 18, 2009 letter, the Internal Revenue Service alleged, in part, that Tidewater's arrangement, whereby the Vessel Owners bareboat chartered vessels to the Vessel Operators at charter hire rates, failed to satisfy the arm's-length standard for transfer pricing set forth in the Section 482 Regulations (*see* Exhibit "B," Issue #2 at p. 7 of the examination report).  As a result, the Internal Revenue Service increased Tidewater's reported income by $2,890,516 for the 2006 Tax Year reflecting such

alleged "arm's-length" adjustments (the "2006 Section 482 Adjustments").

14.

On April 17, 2009, Tidewater timely and properly submitted a protest to the Internal Revenue Service challenging, among other issues, the 2006 Section 482 Adjustments made by the Internal Revenue Service (the "Protest"). A copy of the Protest is attached as Exhibit "C."

15.

Following an administrative appeal by Tidewater with the Internal Revenue Service, the Internal Revenue Service continued to impose the 2006 Section 482 Adjustments against Tidewater and issued an assessment against Tidewater for the 2006 Tax Year reflecting the 2006 Section 482 Adjustments.

16.

No additional amount of Income Tax was assessed against Tidewater for the 2006 Tax Year. As a result, Tidewater has satisfied the requirement of timely payment of any Income Tax assessed by the Internal Revenue Service for the 2006 Tax Period.

17.

On May 25, 2010, Tidewater timely filed an Amended U.S. Corporation Income Tax Return (Form 1120X) for the 2006 Tax Year with the Internal Revenue Service Center at Ogden, Utah (the "Amended 2006 Return"). The Amended 2006 Return reverses the Internal Revenue Service's erroneous and/or illegal 2006 Section 482 Adjustments and in so doing decreases Tidewater's total income for the 2006 Tax Year by $2,890,516. The Amended 2006 Return serves as a formal refund claim challenging the Internal Revenue Service's 2006 Section 482 Adjustments (the "2006 Refund Claim"). A copy of the Amended 2006 Return showing the 2006 Refund Claim is attached hereto as Exhibit "D."

18.

More than six (6) months have elapsed since the filing of the Amended 2006 Return and 2006 Refund Claim.

## CLAIM FOR RELIEF

19.

Tidewater adopts and incorporates paragraphs 1 through 18 above as if set forth completely herein.

20.

As grounds for recovery, Tidewater hereby incorporates by reference the facts and grounds contained in the Amended 2006 Tax Return and the 2006 Refund Claim attached as Exhibit "D" hereto.

21.

The Section 482 Regulations require transfer prices within a controlled group to meet an arm's-length standard wherein the results of a transaction within a controlled group must be "consistent with the results that would have been realized if uncontrolled taxpayers had engaged in the same transaction under the same circumstances…" *See* 26 C.F.R. § 1.482-1(b)(1).

22.

The Internal Revenue Service wrongfully, erroneously and/or illegally adjusted and challenged the amount of charter hire paid to Tidewater's Vessel Owners by the Vessel Operators for bareboat charters in the 2006 Tax Year. Further, such action was arbitrary, capricious, and unreasonable.

23.

The Internal Revenue Service's 2006 Section 482 Adjustments to Tidewater were wrongful, erroneous, illegal, arbitrary, capricious, and/or unreasonable.

24.

Tidewater's pricing used for transactions between Vessel Owners and Vessel Operators for the 2006 Tax Year are proper and correct and satisfy the arm's-length standard set forth in the Section 482 Regulations.

25.

As set forth in the Amended 2006 Tax Return and the 2006 Refund Claim, Tidewater is entitled to a reduction of $2,890,516 in total income for the 2006 Tax Year to reverse the Internal Revenue Service's wrongful, erroneous, illegal, arbitrary, capricious, and/or unreasonable 2006 Section 482 Adjustments.

26.

Tidewater timely files this suit to reverse the Internal Revenue Service's wrongful, erroneous, illegal, arbitrary, capricious, and/or unreasonable 2006 Section 482 Adjustments, as asserted in the Amended 2006 Tax Return and the 2006 Refund Claim.

**COUNT II**

27.

Tidewater adopts and incorporates paragraphs 1 through 9 above as if set forth completely herein.

28.

On December 14, 2007, Tidewater timely filed a U.S. Corporation Income Tax Return (Form 1120) for the fiscal year ending March 31, 2007 (the "2007 Tax Year") with the Internal Revenue Service Center at Ogden, Utah (the "2007 Return") and paid the Income Tax reported thereon in the amount of $34,975,765.

29.

On March 18, 2009, the Internal Revenue Service issued a letter (Letter 950(DO)) and

examination report to Tidewater proposing to assess Income Tax deficiencies against Tidewater for the 2007 Tax Year. A copy of the March 18, 2009 letter and examination report is attached hereto as Exhibit "B."

30.

In the examination report corresponding to the March 18, 2009 letter, the Internal Revenue Service alleged, in part, that Tidewater's arrangement whereby the Vessel Owners bareboat chartered vessels to the Vessel Operators at charter hire rates failed to satisfy the arm's-length standard for transfer pricing set forth in the Section 482 Regulations (*see* Exhibit "B," Issue #2 at p. 7 of the examination report). As a result, the Internal Revenue Service increased Tidewater's reported income by $5,056,147 for the 2007 Tax Year reflecting such alleged "arm's-length" adjustments (the "2007 Section 482 Adjustments").

31.

On April 17, 2009, Tidewater timely and properly submitted a protest to the Internal Revenue Service challenging, among other issues, the 2007 Section 482 Adjustments made by the Internal Revenue Service that resulted in the alleged Income Tax deficiencies for the 2007 Tax Year (the "Protest"). A copy of the Protest is attached as Exhibit "C."

32.

Following an administrative appeal by Tidewater with the Internal Revenue Service, the Internal Revenue Service continued to impose the 2007 Section 482 Adjustments against Tidewater and issued an assessment against Tidewater for the 2007 Tax Year reflecting, in part, the 2007 Section 482 Adjustments. The Internal Revenue Service assessed additional Income Tax in the amount of $3,635,636, plus interest, against Tidewater for the 2007 Tax Year.

33.

On April 13, 2010, Tidewater timely paid $4,340,075.92 to the Internal Revenue Service,

which included the full payment of the amount of additional Income Tax and interest assessed against Tidewater for the 2007 Tax Year.

34.

On May 25, 2010, Tidewater timely filed an Amended U.S. Corporation Income Tax Return (Form 1120X) for the 2007 Tax Year with the Internal Revenue Service Center at Ogden, Utah (the "Amended 2007 Return"). The Amended 2007 Return reverses the Internal Revenue Service's erroneous and/or illegal 2007 Section 482 Adjustments and in so doing reduces Tidewater's total income for the 2007 Tax Year by $5,056,147. The Amended 2007 Return shows that Tidewater overpaid Income Tax in the amount of $2,781,332 for the 2007 Tax Year and formally claims an Income Tax refund in the amount of $2,781,332, plus interest, for the 2007 Tax Year resulting from the Internal Revenue Service's erroneous and/or illegal 2007 Section 482 Adjustments (the "2007 Refund Claim"). A copy of the Amended 2007 Return showing the 2007 Refund Claim is attached hereto as Exhibit "E."

35.

On December 17, 2010, the Internal Revenue Service sent Tidewater by certified mail a notice of disallowance of the 2007 Refund Claim in the amount of $2,781,332 for the 2007 Tax Year. The Internal Revenue Service asserted that the 2007 Refund Claim was disallowed "because it was determined that upon audit that the gross receipts for the leasing of vessels were underreported" by Tidewater. A copy of the December 17, 2010 notice of disallowance is attached hereto as Exhibit "F."

**CLAIM FOR RELIEF**

36.

Tidewater adopts and incorporates paragraphs 1 through 9 and paragraphs 27 through 35 above as if set forth completely herein.

37.

As grounds for recovery, Tidewater hereby incorporates by reference the facts and grounds contained in the Amended 2007 Tax Return and the 2007 Refund Claim attached as Exhibit "E" hereto.

38.

The Income Tax that is the subject of this action was erroneously and/or illegally assessed and collected from Tidewater and/or was arbitrary, capricious and unreasonable.

39.

The Section 482 Regulations require transfer prices within a controlled group to meet an arm's-length standard wherein the results of a transaction within a controlled group must be "consistent with the results that would have been realized if uncontrolled taxpayers had engaged in the same transaction under the same circumstances…" *See* 26 C.F.R. § 1.482-1(b)(1).

40.

The Internal Revenue Service wrongfully, erroneously and/or illegally adjusted and challenged the amount of charter hire paid to Tidewater's Vessel Owners by the Vessel Operators for bareboat charters in the 2007 Tax Year. Further, such action was arbitrary, capricious, and unreasonable.

41.

The Internal Revenue Service's 2007 Section 482 Adjustments to Tidewater for the 2007 Tax Year were wrongful, erroneous, illegal, arbitrary, capricious, and/or unreasonable.

42.

Tidewater's pricing used for transactions between Vessel Owners and Vessel Operators for the 2007 Tax Year are proper and correct and satisfy the arm's-length standard set forth in the Section 482 Regulations.

43.

As set forth in the Amended 2007 Tax Return and the 2007 Refund Claim, Tidewater overpaid Income Tax for the 2007 Tax Year in the amount of $2,781,332 and is entitled to a refund of such overpayment, plus interest as provided by law. The entire amount of overpaid Income Tax ($2,781,332) results from the Internal Revenue Service's wrongful, erroneous, illegal, arbitrary, capricious, and/or unreasonable Section 482 Adjustments for the 2007 Tax Year.

44.

Tidewater timely files this suit to recover the overpaid Income Tax for the 2007 Tax Year in the amount of Two Million Seven-Hundred Eighty-One Thousand Three-Hundred and Thirty-Two Dollars ($2,781,332), as asserted in the Amended 2007 Tax Return and the Refund Claim, plus interest as allowed by law.

45.

Tidewater is the sole and absolute owner of all of the claims asserted herein and has made no transfer or assignment of any part thereof.

46.

No action on the claims asserted herein has been taken by Congress or any agency of the United States or in any judicial proceeding, including any in the Tax Court of the United States.

**WHEREFORE,** after all due proceedings have been had, Tidewater demands judgment in its favor and against the United States of America as follows:

A. for a $2,890,516 reduction in total income for the 2006 Tax Year to reverse the Internal Revenue Service's 2006 Section 482 Adjustments;

B. for a $5,056,147 reduction in total income for the 2007 Tax Year to reverse the Internal Revenue Service's 2007 Section 482 Adjustments;

C.  for a refund of Income Tax in the amount of Two Million Seven-Hundred Eighty-One Thousand Three-Hundred and Thirty-Two Dollars ($2,781,332), or such other amount as may be legally refundable;

D.  for interest as provided by law;

E.  for Tidewater's reasonable litigation costs, including attorneys' fees, under 26 U.S.C. § 7430; and

F.  for all such other legal and equitable relief to which Tidewater is entitled.

Respectfully Submitted,

*/s/ Michael B. DePetrillo*
ALEX P. TROSTORFF (12926)
EDWARD D. WEGMANN, T.A. (13315)
MICHAEL B. DEPETRILLO (31130)
Jones, Walker, Waechter,
 Poitevent, Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Phone: (504) 582-8226
Fax: (504) 589-8226

*Attorneys for Tidewater Inc. and Subsidiaries*